IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| LAURIE L. MUSIC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 2:11-CV-0144-RWS |
| UNITED STATES and | : |
| CHEROKEE BOARD OF | : |
| EDUCATION, | : |
| | : |
| Defendants. | : |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to Dismiss [10]. After reviewing the record, the Court enters the following Order.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

AO 72A
(Rev.8/82)

a cause of action will not do.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Plaintiff brought this action asserting claims against Defendant arising out of Defendant having complied with a federal tax levy issued against Plaintiff. In its Motion to Dismiss, Defendant asserts that, pursuant to 26 U.S.C. § 6332, no liability can be imposed against Defendant for simply

2

honoring the levy as alleged in the Complaint. In her Response [11], to the Motion, Plaintiff does not dispute Defendant's contention.

The Court concludes that Plaintiff has failed to allege any facts establishing liability on the part of Defendant as a result of its compliance with the levy. Therefore, Defendant is entitled to have the claims against it dismissed.

Based on the foregoing, Defendant's Motion to Dismiss [10] is hereby **GRANTED**.

**SO ORDERED**, this  28th  day of July, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)