**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

LAURIE L. MUSIC,     :
           :
    Plaintiff,   :
           :
   v.       :  CIVIL ACTION NO.
           :  2:11-CV-144-RWS
UNITED STATES,    :
           :
    Defendant.  :
           :

## <u>ORDER</u>

This case comes before the Court on the United States of America's

Motion to Dismiss Plaintiff's Complaint [13].  After a review of the record, the

Court enters the following Order.

## **Background**

Taking the allegations in the Complaint [1] as true, the facts are as

follows.  Plaintiff Laurie L. Music worked for the Cherokee County Board of

Education and earned a salary from 2001 to 2010.  Compl., Dkt. [1] ¶ 5.  She

filed no federal income tax-returns with the Internal Revenue Service (IRS) for

at least some of those years.  Compl., Dkt. [1] ¶ 7.  In 2005, Music responded to

the IRS's notice of her failure to file that she was not required to file income tax

returns. Compl., Dkt. [1] ¶ 14. Since that response, Music has received "no correspondence from the Internal Revenue Service concerning tax-returns, assessments or deficiencies." Compl., Dkt. [1] ¶ 14.

The IRS filed substitute returns for Music and assessed unpaid federal income taxes against her. Compl., Dkt. [1] ¶ 7. On November 1, 2010, the IRS issued a Notice of Levy to Music's employer and began garnishing her wages to collect her federal income tax liabilities. Compl., Dkt. [1] ¶¶ 9, 12. Music's employer complied with the levy, and Music subsequently resigned. Compl., Dkt. [1] ¶¶ 11, 12.

Music filed the present action on June 13, 2011, claiming that the IRS's actions violated 42 U.S.C. § 1983, the Fifth and Fourteenth Amendments to the U.S. Constitution, Internal Revenue Code sections 6020 and 6323, and O.C.G.A. § 44-14-571. Compl., Dkt. [1] ¶ 1. Music requests the Court to order the IRS to cease filing substitute income tax returns on earned income, to order a refund of all taxes the IRS collected from her employer, and to award damages. Compl., Dkt. [1] ¶ 15.

AO 72A
(Rev.8/82)

**Discussion**

The United States moves to dismiss Music's Complaint for lack of subject matter jurisdiction and failure to state a claim for which relief can be granted.  Dkt. [13] at 1.

I.     **Lack of Subject Matter Jurisdiction**

A defendant may attack subject matter jurisdiction in two ways: facially or factually.  McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999).  When a defendant makes a facial attack on a complaint, the district court must determine whether the plaintiff has sufficiently alleged a basis for subject matter jurisdiction.  Int'l Café, S.A.L. v. Hard Rock Café Int'l, Inc., 252 F.3d 1274, 1277 (11th Cir. 2001).  For the purpose of a facial attack, the allegations of the complaint are taken as true.  McMaster, 177 F.3d at 940.  A federal question claim may only be dismissed for lack of subject matter jurisdiction if: (1) the alleged claim under a federal statute "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or (2) such a claim is "wholly insubstantial or frivolous."  Id. (citing Bell v. Hood, 327 U.S. 678, 682-83 (1946)); accord Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir.1998 ).  A factual attack challenges the existence of subject

matter jurisdiction in fact, and matters outside the pleadings like testimony and affidavits can be considered. <u>McMaster</u>, 177 F.3d at 940. When a factual attack is asserted, the court should dismiss for lack of subject matter jurisdiction if the federal claim is "clearly immaterial or insubstantial." <u>Id</u>.

In the present case, Music asserts that jurisdiction is proper under 28 U.S.C. § 1346, which gives federal district courts original jurisdiction over

> [a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

28 U.S.C. § 1346(a)(1) (2011). The Government asserts a facial challenge that the Anti-Injunction Act and sovereign immunity preclude this Court from exercising jurisdiction over the Plaintiff's Complaint. Dkt. [13] at 5-9.

**A.     <u>The Anti-Injunction Act</u>**

The Anti-Injunction Act provides that, barring certain statutory exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a) (2011). "The principal purposes of the Anti-Injunction Act were to protect the

4

Government's ability to 'assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference' and to require that a taxpayer assert his legal right to disputed sums in a suit for refund." Gulden v. United States, 287 F. App'x 813, 816 (11th Cir. 2008) (quoting Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974)). Absent a statutory exception, a federal court may issue such an injunction only if the plaintiff can show that (1) "under no circumstances could the Government ultimately prevail" and (2) "there exists an independent basis for equity jurisdiction." Hobson v. Fischbeck, 758 F.2d 579, 581 (11th Cir. 1985) (citing Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 8 (1962)).

The Court agrees that Music's requests to order the IRS to stop filing substitute tax-returns would prevent the IRS from assessing or collecting federal income-taxes. The Eleventh Circuit has previously held that the Anti-Injunction Act bars actions brought to stop the IRS from assessing tax deficiencies on the basis of substitute tax-returns. Gulden, 287 F. App'x at 814-15. Despite Music's assertion that this Court has jurisdiction under 28 U.S.C. § 1346, that provision must be read in conjunction with other sections of the code, such as the Anti-Injunction Act, that qualify jurisdiction. See United States v.

5

<u>Dalm</u>, 494 U.S. 596, 601 (1990) ("Despite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions."). Thus, the Court is without jurisdiction to award Music injunctive relief absent an exception to the Anti-Injunction Act.

Music's Response in Opposition cites 26 U.S.C. § 7429 as such an exception. Dkt. [11] at 1-2. This provision is a statutory exception to the Anti-Injunction Act that permits judicial review of jeopardy levies and assessments made without first providing thirty days notice to the taxpayer. 26 U.S.C. § 7429. Music does not allege, however, that the levy or assessment in this case occurred less than thirty days after notice and demand for payment was made. Thus, § 7429 is inapplicable here.

Neither does the judicial exception under <u>Enochs</u> apply to the present case. Since Music's claim ultimately rests on the theory that her salary was not taxable income, Compl., Dkt. [1] ¶¶ 5-8, she would be unable to satisfy the first prong of <u>Enochs</u> that "under no circumstances could the Government ultimately prevail." 370 U.S. at 8. The Eleventh Circuit has long held that income from any source is taxable, finding arguments to the contrary to be

AO 72A
(Rev.8/82)

frivolous.  <u>Bierman v. Comm'r of Internal Revenue</u>, 769 F.2d 707, 708 (11th

Cir. 1986); <u>Hyslep v. United States</u>, 765 F.2d 1083, 1084 (11th Cir. 1985) (per

curiam).  Even if Music could satisfy the first prong of <u>Enochs</u>, she would be

unable to show "an independent basis for equity jurisdiction" because adequate

remedies at law are still available to her.  <u>See</u> <u>Hobson</u>, 758 F.2d at 581 (holding

injunctive relief to be improper when plaintiff "could pay the disputed tax and

then sue for a refund").  Here, Music has not alleged that she has paid the tax or

sued for a refund.  Thus, the Anti-Injunction Act bars the injunctive relief

Music seeks.

###    B.    <u>Sovereign Immunity</u>

Music also requests that her garnished wages be returned and that she be

compensated for damages.  Compl., Dkt. [1] ¶ 15.  The Court agrees with the

Government that Music's claims for a refund and for damages must be

dismissed because the Government has not waived sovereign immunity to suit

in this case.

"[T]he United States, as sovereign, 'is immune from suit, save as it

consents to be sued . . . and the terms of its consent to be sued in any court

define that court's jurisdiction to entertain the suit.'"  <u>United States v. Testan</u>,

7

424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584,

586 (1941)). Such consent must be "unequivocally expressed" by Congress in

the statutes granting jurisdiction. United States v. Dalm, 494 U.S. 596, 608

(1990) (quoting United States v. King, 395 U.S. 1, 4 (1969)).

### 1.    Plaintiff's Request for a Refund

Under 28 U.S.C. § 1346(a)(1), Congress has waived sovereign immunity

for suits alleging erroneous or illegal tax assessments or collections.

Nevertheless, this waiver is conditioned on the taxpayer first complying with

the Internal Revenue Code's tax refund scheme. United States v. Clintwood

Elkhorn Mining Co., 553 U.S. 1, 4 (2008) (citing Dalm, 494 U.S. at 609). As

26 U.S.C. § 7422(a) states:

> No suit or proceeding shall be maintained in any court for the recovery of
> any internal revenue tax alleged to have been erroneously or illegally
> assessed or collected, or of any penalty claimed to have been collected
> without authority, or of any sum alleged to have been excessive or in any
> manner wrongfully collected, until a claim for refund or credit has been
> duly filed with the Secretary, according to the provisions of law in that
> regard, and the regulations of the Secretary established in pursuance
> thereof.

Thus, "a claim for refund must be filed with the Internal Revenue Service (IRS)

before suit can be brought . . . ." Clintwood, 553 U.S. at 4.

8

Music does not allege that she filed a claim for a refund or sought any administrative remedies before bringing this action. Furthermore, Music's Response in Opposition clarifies that she was unaware of and did not follow the appropriate administrative procedures. Dkt. [11] at 2-3, 5. Thus, the Court finds that the Government has not waived sovereign immunity to Music's suit to recover her garnished wages.

### 2.    Plaintiff's Request for Damages

Music argues in her Response in Opposition that 26 U.S.C. § 7433(a) allows a taxpayer to bring a damages action against the United States when "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of [Title 26]." Dkt. [11] at 5. Music's Complaint alleges that the IRS violated § 6323 by not filing the tax lien in Fannin County, Georgia, where she resides. Compl., Dkt. [1] ¶¶ 2, 14.

Section 6323, however, requires the IRS to file a tax lien only before seeking to enforce it against a third party, not against the taxpayer. 26 U.S.C. § 6323(a). Even if § 6323 were appropriate to this case, § 7433(d)(1) makes clear that "[a] judgment for damages shall not be awarded . . . unless the court

AO 72A
(Rev.8/82)

determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1); see also 26 C.F.R. § 301.7433-1(d) (2011). Because Music does not allege that she has exhausted the administrative remedies available, her claim for damages, whether grounded in violations of federal or state law, must be dismissed. The Court thus finds that the Government has not waived sovereign immunity to Music's suit for damages.

## II.     Failure to State a Claim

The Government also moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Dkt. [13] at 9-11. Since the Court has determined that it does not have subject matter jurisdiction to hear Plaintiff's claims, however, the Court declines to address this issue.

## Conclusion

Accordingly, the United States of America's Motion to Dismiss [13] is **GRANTED**. The Clerk is directed to close the case.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  26th  day of January, 2012.


_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)